UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID DAVENPORT, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JAMES F. GLASS, *et al.*, )<br>)<br>Defendants. ) | CAUSE NO. 3:06-CV-392 AS |

**OPINION AND ORDER**

David Davenport, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in

> a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Davenport alleges that on July 15, 2004, his cell mate, James F. Glass, attacked him and stabbed him four times. Mr. Davenport names Mr. Glass as a defendant.

> For the individual defendants to act "under color of state law" for § 1983 purposes means to misuse power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. As a result, acts by a state officer are not made under color of state law unless they are related in some way to the performance of the duties of the state office.

*Thurman v. Village of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006) (quotation marks, brackets, and citation omitted). Mr. Glass did not hold state office, nor was he clothed with the authority of state law. He is merely a private citizen. Because Mr. Glass was not a state actor, he is not a proper defendant in this §1983 civil rights case. Therefore, he must be dismissed.

Mr. Davenport also asserts that various defendants were deliberately indifferent for failing to prevent the July 15, 2004 attack. Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations

2

and internal punctuation omitted). When one inmate attacks another, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen . . . ." *Halley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Deliberate indifference can be inferred only where defendants know there is a strong likelihood rather than a mere possibility

that violence will occur. *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985). Prison officials cannot be expected to eliminate the possibility of all attacks because the prison system is always potentially dangerous and sometimes explosive. *McGill v. Duckworth*, 944 F.2d 344, 345 (7th Cir. 1991) ("Prisons are dangerous places"). Thus, the right to reasonable protection does not include the right to protection from random acts of violence. *See, McGill v. Duckworth*, 944 F.2d 344, 348 (7th Cir. 1991) ("some level of brutality . . . among prisoners is inevitable no matter what guards do").

In the grievances attached to Mr. Davenport's complaint, Mr. Davenport alleges that his cell mate sent cell transfer requests to Click Lockner, Traci Waddle, Haley Lawson, Amy Clark, Sally Stevenson, and John VanNatta stating that he had a problem with Mr. Davenport and that he needed to be moved before someone got hurt. From these allegations, it is reasonable to infer that these defendants received the transfer requests and had personal knowledge of the threat, but chose not to act upon the threats. These allegations are sufficient to assert a claim that the defendants had knowledge of a strong likelihood of harm that they deliberately disregarded. As a result, Mr. Davenport should be allowed to proceed on these claims.

Finally, Mr. Davenport suggests that at 6:15 p.m. on July 15, 2004, his cell mate told Sargent Jerry Wilcox that he did not want to go back into the cell because he was having a serious problem with Mr. Davenport. The attack

allegedly occurred around 9:30 p.m. Mr. Davenport states that the attack occurred in front of Sargent Wilcox. It appears that Mr. Davenport suggests that Sargent Wilcox could have prevented the attack at 6:15 p.m. if he had not put the cell mate back in the cell. The cell mate's statement that they were having serious problems is not sufficient to infer that Sargent Wilcox had knowledge of a strong likelihood of an injury. This alone would not support a deliberate indifference claim against Sargent Wilcox. However, construing the facts in the light most favorable to Mr. Davenport, it appears that he goes even further by attempting to argue that Sargent Wilcox could have broken up the attack since it happened in front of him. If Sargent Wilcox did in fact witness the attack and had time to act to prevent further harm, but chose not to, this might support a claim of deliberate indifference. Accordingly, Mr. Davenport may proceed on his claim against Sargent Wilcox.

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Click Lockner, Traci Waddle, Haley Lawson, Amy Clark, Sally Stevenson, John VanNatta, and Sargent Jerry Wilcox in their individual capacity for compensatory damages on his Eighth Amendment claim for the failure to protect him from another inmate on July 15, 2004;

(2) **DISMISSES** defendant James Glass;

(3) **DIRECTS** the clerk to ensure that a copy of this order is served on Click Lockner, Traci Waddle, Haley Lawson, Amy Clark, Sally Stevenson, John VanNatta, and Sargent Jerry Wilcox along with the summons and complaint;

(4) **DIRECTS** the United States Marshals Service to effect service of process on Click Lockner, Traci Waddle, Haley Lawson, Amy Clark, Sally Stevenson, John VanNatta, and Sargent Jerry Wilcox ; and

(5) **ORDERS** Click Lockner, Traci Waddle, Haley Lawson, Amy Clark, Sally Stevenson, John VanNatta, and Sargent Jerry Wilcox , pursuant to 42 U.S.C. § 1997e(g)(2), to respond only to the surviving claims in this screening order as provided for in the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

**ENTERED: November 14, 2006**

　　　　　　　　　　　　　　　　　　　　　**S/ ALLEN SHARP**
　　　　　　　　　　　　　　　　　　**ALLEN SHARP, JUDGE**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT**