UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **DAVID DAVENPORT** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CAUSE NO. 3:06-CV-392 AS** |
| **vs.** ) | |
| ) | |
| **JAMES F. GLASS,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**OPINION AND ORDER**

On June 21, 2006, David Davenport, a *pro se* prisoner, filed a motion for an appointment of counsel. This Court denied the motion on November 17, 2006. On December 21, 2006, Mr. Davenport filed a motion for reconsideration of this Court's November 17, 2006 order. Mr. Davenport asserts that he is unable to afford counsel and that his confinement will limit his ability to litigate this claim. In addition, he asserts that counsel would bet better able to present evidence and cross examine witnesses.

As stated in this Court's November 17, 2006 order, counsel is not generally appointed "unless denial would result in fundamental unfairness, impinging on due process." *LaClair v. United States*, 374 F. 2d 486, 489 (7th Cir. 1967). Although a good lawyer may do better than the average person, that is not the test. If it was, district courts "would be required to request counsel for every indigent litigant." *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993). While Mr. Davenport is correct that an attorney may be able to litigate his case better, that alone does not justify the appointment of counsel. Mr. Davenport is aware of the

facts of the case as they involve his personal knowledge. Furthermore, Mr. Davenport has demonstrated an ability to prosecute his case. Therefore, Mr. Davenport's motion for reconsideration [Doc. No. 18] is **DENIED**.

**SO ORDERED.**

**Dated this 28th Day of December, 2006.**

**S/Christopher A Nuechterlein**
**Christopher A. Nuechterlein**
**United States Magistrate Judge**
